IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


**ANGELS ALLIANCE GROUP LLC**,

    Plaintiff,   No. 3:11-cv-01382-MO

    v.   OPINION AND ORDER

**RECONTRUST COMPANY, N.A., et al.,**

    Defendants.


**MOSMAN, J.**,

    Plaintiff brings this action seeking to enjoin the foreclosure of its home. Defendants ReconTrust Company, N. A. ("ReconTrust"), Bank of America N.A., successor by merger with BAC Home Loan Servicing, LP f/k/a Countrywide Home Loans Servicing, N.A. ("BANA"), Federal National Mortgage Association ("Fannie Mae"), and Mortgage Electronic Registration Systems, Inc. ("MERS") filed a Motion to Dismiss [20] pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). Defendants also filed a Request for Judicial Notice [22] and a Supplemental Request for Judicial Notice [27]. I grant defendants' motion to dismiss in part for the following reasons.

1 – OPINION AND ORDER

## BACKGROUND[1]

Nonparty Anayansi Sprague entered into a loan agreement with Hyperion Capital Group, LLC ("Hyperion") on or about December 28, 2005, whereby she borrowed $310,000.00 and executed a promissory note and a Deed of Trust ("DOT"), establishing a security interest in residential real property located at 5730 SE Aldercrest Road in Milwaukie, Oregon ("the Property"). (Notice of Removal [1] Ex. 1, 4). The DOT was properly recorded and identified Hyperion as the "Lender," nonparty Ticor Title Insurance Company as the "Trustee," and MERS as the "Beneficiary" as nominee for Hyperion and its successors and assigns. (*Id*.). Plaintiff alleges that Fannie Mae "acquired ownership" of Ms. Sprague's loan "sometime shortly after origination." (*Id*. at 21).

On or about July 2, 2007, Ms. Sprague conveyed title to the Property to plaintiff, Angels Alliance Group LLC, a Nevada limited liability company of which Ms. Sprague is the sole member. (*Id*. at 6–7); (Pl.'s Resp. [25] 7). On March 20, 2009, MERS caused to be recorded an Appointment of Successor Trustee appointing ReconTrust as the successor trustee under the DOT. (Tranetzki Decl. [23] Ex. 2). On the same day, ReconTrust recorded a Notice of Default and Election to Sell indicating that Ms. Sprague had entered into default beginning June 2008. (Notice of Removal [1] Ex. 1, 44). On January 27, 2010, ReconTrust recorded a Rescission of Notice of Default rescinding the March 2009 notice of default. (*Id*. at 49).

---

[1] I preliminarily note that I grant defendants' requests for judicial notice. In general, I may not consider any material beyond the pleadings in ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See* Fed. R. Civ. P. 12(d). However, I may consider documents that are "not physically attached to the complaint…if the documents' authenticity ... is not contested and the plaintiff's complaint necessarily relies on them," and I may take judicial notice of "matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (quotations omitted). The materials at issue in defendants' requests all satisfy either one or both of these exceptions.

On December 9, 2010, MERS caused to be recorded an Assignment of the Deed of Trust, designating all beneficial interest under the DOT to BANA. (*Id*. at 41). Also on December 9, 2010, ReconTrust recorded a second Notice of Default and Election to Sell, which similarly indicated that Ms. Sprague had entered into default beginning June 2008. (Tranetzki Decl. [23] Ex. 3). ReconTrust recorded a second Rescission of Notice of Default on March 3, 2011, thereby cancelling the December 2010 notice of default. (Notice of Removal [1] Ex. 1, 51). On April 6, 2011, ReconTrust recorded the Notice of Default and Election to Sell ("Notice of Default") at issue here, which indicated that Ms. Sprague entered into default beginning June 2008 and that the trustee's sale would take place in August 2011. (Tranetzki Decl. [23] at Ex. 4).

BANA executed an Assignment of Deed of Trust to Fannie Mae on August 12, 2011, and caused the assignment to be recorded on August 22, 2011. (Notice of Removal [1] Ex. 1, 54). Fannie Mae purchased the property at a foreclosure sale on August 16, 2011, and the Trustee's Deed designating Fannie Mae as the purchaser of the Property was recorded on August 22, 2011. (*Id*. at 46).

## STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* I need not accept as true legal conclusions, as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

Plaintiff's complaint includes seven claims for relief, including four wrongful foreclosure claims, one unlawful debt collection claim, and two remedial claims for injunctive and declaratory relief. Plaintiff does not allege in this case that there was an assignment of the DOT which has not been recorded, and instead seeks to have the foreclosure declared unlawful pursuant to the following four arguments: (1) MERS is not a valid "beneficiary" under the Oregon Trust Deed Act ("OTDA"); (2) the OTDA requires the recordation of any assignments or conveyances of both the DOT and the note, and because the note was conveyed to Fannie Mae without being recorded, this foreclosure violates Or. Rev. Stat. § 86.735(1); (3) the operative Notice of Default is facially incorrect; and (4) the foreclosure was wrongfully conducted in the name of the loan servicer, BANA, rather than in the name of the loan owners, Fannie Mae.

In *Beyer v. Bank of America*, 800 F. Supp. 2d 1157 (D. Or. 2011), I rejected plaintiff's first two arguments, which underlie its first and third claims for relief, in finding that: the OTDA does not require presentment of the promissory note or any other proof of real party in interest or standing, other than the deed of trust; the OTDA does not preclude a note and deed of trust from being separated; and MERS is a proper beneficiary under Oregon law. *See also Peirce v. Assurity Fin. Services, LLC*, 3:10–cv–01269–MO, 2011 WL 7740690 (D. Or. Dec. 15, 2011); *Thompson v. Bank of New York Mellon*, 3:12–cv–00066–MO, 2012 WL 1253203 (D. Or. Apr. 12, 2012). Accordingly, I grant defendants' motion to dismiss as to plaintiff's first and third claims for relief and dismiss these claims with prejudice for failing to state claim.

Plaintiff's second claim for relief alleges that the foreclosure was wrongful because the Notice of Default was defective. Specifically, plaintiff alleges that the Notice of Default: (1) fails to include language required under Or. Rev. Stat. § 86.745(9)(a)–(d), (Notice of Removal [1] Ex.

4 – OPINION AND ORDER

1, 15); and (2) alleges an incorrect amount due in default, (*Id*. at 15–17). Plaintiff's first allegation fails for three reasons. First, Or. Rev. Stat. § 86.745(9) only applies if "the property includes one or more dwelling units that are subject to ORS chapter 90." Plaintiff has not alleged that the Property is subject to Chapter 90, nor did it address this argument in its opposition to defendants' motion for summary judgment. Therefore, I dismiss with prejudice plaintiff's allegation that the Notice of Default fails to include language required under Or. Rev. Stat. § 86.745(9)(a)–(d).

Plaintiff's second allegation within its second claim for relief alleges that the Notice of Default—which indicates that Ms. Sprague had been in default since June 2008—was defective because the January 27, 2010, and March 3, 2011, Rescissions of Notice of Default established that Ms. Sprague's default had been "removed, paid and overcome so that said Trust Deed should be reinstated." (Notice of Removal [1] Ex. 1, 16–17). Plaintiff argues, therefore, that Ms. Sprague's default that occurred before March 3, 2011, was excused, and thus, the Notice of Default could only have included amounts owed for missed payments after March 3, 2011, regardless of whether Ms. Sprague actually made payments to cure the default. (*Id*.). I disagree. Both the January 2010 and March 2011 rescissions of notice of default also included the following language: "this rescission shall not be construed as waiving or affecting any breach or default (past, present or future) under said Trust Deed or as impairing any right or remedy thereunder…but is and shall be deemed to be only an election without prejudice, not to cause a Sale to be made pursuant to said notice so recorded." (*Id*. at 49, 51). This language makes clear that defendants were not forfeiting any rights to collect any amounts owed that were established in the notice of default that was being rescinded. Moreover, the three notices of default at issue in this case consistently indicated that Ms. Sprague had been in default since June 2008, and

5 – OPINION AND ORDER

plaintiff has not alleged that Ms. Sprague made any payments in order to cure the default. In light of this fact, as well as in taking the language of the rescission notices as a whole, I find that neither Rescission of Notice of Default in this case acted as a waiver of Ms. Sprague's mortgage obligation or default. *See Reeves v. ReconTrust Co., N.A.*, 3:11–cv–01278–BR, 2012 WL 652681, at *11–12  (D. Or. Feb. 28, 2012). Therefore, I grant defendants' motion to dismiss with prejudice to the extent that plaintiff is alleging that the rescission notices acted to cure Ms. Sprague's default thereby rendering the amounts owed in the Notice of Default per se inaccurate.

Plaintiff advances several arguments in its fourth wrongful foreclosure claim. First, plaintiff alleges that the foreclosure was wrongful because Fannie Mae purchased "what it already owned." (Notice of Removal [1] Ex. 1, 19). Plaintiff cites no authority prohibiting a loan owner from purchasing the fee simple ownership of property at a foreclosure sale, and I therefore dismiss this allegation for failure to state claim. Second, plaintiff alleges that this foreclosure violated Or. Rev. Stat. § 86.735(1), because "Fannie Mae's interest" as the note owner was not recorded at the time the non-judicial foreclosure was initiated. (Notice of Removal [1] Ex. 1, 19–20).  In line with my finding above, however, the foreclosure proceedings were not improper merely because defendants did not record an assignment of the note to Fannie Mae. Third, plaintiff alleges the August 12, 2011, assignment of the DOT from BANA to Fannie Mae, which was recorded on August 22, 2011, renders the foreclosure defective because Or. Rev. Stat. § 86.735(1) requires any assignments of the trust deed to be recorded before the trustee can foreclose a trust deed by advertisement and sale. However, the assignment to Fannie Mae was recorded before the recording of the Trustee's Deed caused completion of the sale, and I thus reject this argument. Lastly, plaintiff alleges that ReconTrust conducted the non-judicial foreclosure sale in the name of the loan servicer, BANA, rather than the loan owner, Fannie Mae,

and therefore, because BANA was not the owner of the loan, it had no standing to proceed with the foreclosure. (*Id*. at 20–21). As stated, MERS is a "beneficiary" under the OTDA and the December 9, 2010, assignment of the DOT from MERS to BANA was properly recorded, thereby giving BANA standing as the servicer of the loan in this foreclosure. Further, Or. Rev. Stat. § 86A.175(1) states that a mortgage banker—with permission from the note owner — "may service or collect a mortgage banking loan or mortgage loan in the name of the mortgage banker or mortgage broker or in the name of the lender, note owner, note holder or other holder of an interest in the note." Plaintiff does not dispute that this statute allows a servicer to act as an agent of the owner of a loan and conduct a foreclosure in its own name. (Pl.'s Resp. [25] 39). Instead, plaintiff solely argues that the foreclosure was still wrongful, because Fannie Mae, as principal, conducted the non-judicial foreclosure without recording all assignments of the DOT presumably based on the unrecorded assignments of the note, and thus, § 86A.175(1) is inapposite insofar as the servicer in this case cannot conduct actions that its principal cannot. This argument is meritless in line with my previous findings. However, defendants have not presented evidence attesting the fact that Fannie Mae permitted BANA to conduct the foreclosure in this case, and I therefore deny defendants' motion to dismiss solely as to this issue with leave to renew at summary judgment.[2]

Plaintiff's fifth claim for relief concerning unlawful debt collection alleges that ReconTrust and BANA sought to enforce a right or remedy that they knew did not exist as evidenced by the fact: (1) that ReconTrust knew of the defects precluding its ability to conduct a

---

[2] For example, in *Sharpe v. Wells Fargo Home Mortg.*, No. 11–3020–PA, 2011 WL 5825927, at *3 (D. Or. Nov. 16, 2011), Judge Panner noted that Fannie Mae authorizes its servicers to "appear in the land records as the mortgagee," and that "the Fannie Mae Servicing Guide grants servicers, acting in their own names, the authority to represent Fannie Mae's interests in foreclosure proceedings as holder of the mortgage note." (quotation omitted).

7 – OPINION AND ORDER

lawful non-judicial foreclosure; and (2) that both defendants knew that the amounts owed set forth in the April 2011 Notice of Default were inaccurate. (Notice of Removal [1] Ex. 1, 22). My previous finding that the foreclosure proceedings were proper in this case necessarily defeats plaintiff's first allegation. I dismiss plaintiff's second allegation with prejudice to the extent that it is alleging that defendants must have known that the amounts owed set forth in Notice of Default were inaccurate solely because the rescission notices cured any past default, and thus, plaintiff could not have been in default for the full amount owed since June 2008.

Lastly, plaintiff's sixth and seventh claims for injunctive and declaratory relief are entirely derivative of its wrongful foreclosure claims, and it has not addressed these claims in its opposition to defendants' motion to dismiss. For both of these reasons, I dismiss these claims with prejudice.

## CONCLUSION

I GRANT IN PART defendants' motion to dismiss [20]. I GRANT defendants' requests for judicial notice [22] [27]. I DISMISS plaintiff's first, third, fifth, sixth, and seventh claims with prejudice as they are all either directly or indirectly premised on the theory that MERS is not a valid beneficiary under Oregon law and/or that the OTDA requires the recordation of any assignments or conveyances of both the DOT and the note. I DISMISS plaintiff's second claim with prejudice as amendment will not cure either allegation advanced in the current complaint. Lastly, I DENY with leave to renew at summary judgment defendants' motion to dismiss plaintiff's fourth claim.

IT IS SO ORDERED.

DATED this __17th__ day of May, 2012.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court