IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ANGELS ALLIANCE GROUP LLC**,

    Plaintiff,                                                                  No. 3:11-cv-01382-MO

          v.                                                                     OPINION AND ORDER

**RECONTRUST COMPANY, N.A., et al.,**

    Defendants.

**MOSMAN, J.**,

    Plaintiff Angels Alliance Group LLC seeks a declaratory judgment that the non-judicial foreclosure of nonparty Anayasi Sprague's home was invalid, nullification of the Trustee's Deed, injunctive relief, damages, costs, and attorney fees. (Notice of Removal [1] ¶¶ 1–3.) Defendants ReconTrust Company, N. A. ("ReconTrust"), Bank of America N.A., successor by merger with BAC Home Loan Servicing, LP f/k/a Countrywide Home Loans Servicing, N.A. ("BANA"), Federal National Mortgage Association ("Fannie Mae"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "defendants") previously filed a Motion to Dismiss [20] pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). I granted that motion in part

1 – OPINION AND ORDER

[31], dismissing with prejudice six of plaintiff's seven claims. I denied with leave to renew at summary judgment defendants' motion to dismiss plaintiff's sole remaining claim. Defendants now move [53] for summary judgment, and plaintiff moves [59] for reconsideration of several of my prior rulings. I find that plaintiff lacks standing and, accordingly, dismiss this case. Because plaintiff concedes that its sole remaining claim should be dismissed, I dismiss the case on that alternative basis as well.

## BACKGROUND

Nonparty Anayansi Sprague entered into a loan agreement with Hyperion Capital Group, LLC ("Hyperion") on December 28, 2005, whereby she borrowed $310,100.00 and executed a promissory note and a Deed of Trust ("DOT"), establishing a security interest in residential real property located at 5730 SE Aldercrest Road in Milwaukie, Oregon ("the Property"). (Compl. [1] ¶ 3; Notice of Removal [1] ¶ 2.) The DOT was properly recorded and identified Hyperion as the "Lender," nonparty Ticor Title Insurance Company as the "Trustee," and MERS as the "Beneficiary" and nominee for Hyperion and its successors and assigns. (Compl. [1] ¶ 3.) Angels Alliance Group LLC alleges that Fannie Mae "acquired ownership" of Ms. Sprague's loan "sometime shortly after origination." (*Id.* [1] ¶ 70.)

On July 2, 2007, Ms. Sprague conveyed title to the Property by bargain and sale deed to plaintiff, Angels Alliance Group LLC, a now defunct Nevada limited liability company of which Ms. Sprague was the sole member. (*Id.* [1] ¶ 12.); (Pl.'s Resp. [59] at 4); (Tranetzki Decl. [57] Ex. 2.[1]) The deed was recorded on July 3, 2007, in the property records of Clackamas County. (Compl. [1] ¶ 12.) On August 29, 2008, the Oregon Secretary of State revoked Angels Alliance Group LLC's administrative authority. (Tranetzki Decl. [57] Ex. 3.) The State of Nevada found Angels Alliance Group LLC in revocation as of July 1, 2010. (Tranetzki Decl. [57] Ex. 2.)

---

[1] I previously took judicial notice of this exhibit in my prior Opinion and Order [31].

2 – OPINION AND ORDER

On March 20, 2009, MERS caused to be recorded an Appointment of Successor Trustee appointing ReconTrust as the successor trustee under the DOT. (Tranetzki Decl. [23] Ex. 2.) On the same day, ReconTrust recorded a Notice of Default and Election to Sell indicating that Ms. Sprague had entered into default beginning June 2008. (Compl. [1] at 44.) On January 27, 2010, ReconTrust recorded a Rescission of Notice of Default rescinding the March 2009 notice of default. (*Id*. [1] at 49).

On December 9, 2010, MERS caused to be recorded an Assignment of the Deed of Trust, designating all beneficial interest under the DOT to BANA. (*Id*. [1] at 41). Also on December 9, 2010, ReconTrust recorded a second Notice of Default and Election to Sell, which similarly indicated that Ms. Sprague had entered into default beginning June 2008. (Tranetzki Decl. [23] Ex. 3). ReconTrust recorded a second Rescission of Notice of Default on March 3, 2011, thereby cancelling the December 2010 notice of default. (Compl. [1] at 51.) On April 6, 2011, ReconTrust recorded the Notice of Default and Election to Sell ("Notice of Default") at issue here, which indicated that Ms. Sprague entered into default beginning June 2008 and that the trustee's sale would take place in August 2011. (Tranetzki Decl. [23] at Ex. 4).

BANA executed an Assignment of Deed of Trust to Fannie Mae on August 12, 2011, and recorded the assignment on August 22, 2011. (Compl. [1] at 54.) Fannie Mae purchased the property at a foreclosure sale on August 16, 2011, and the Trustee's Deed designating Fannie Mae as the purchaser of the Property was recorded on August 22, 2011. (*Id*. [1] at 46.)

## DISCUSSION

Plaintiff asks me to reconsider several of my prior rulings in light of subsequent case law. I decline to do so because I find that plaintiff lacks standing. Therefore, I dismiss this case for lack of subject-matter jurisdiction, and, as a result, I do not reach the merits of defendants'

motion for summary judgment. In the alternative, I dismiss this case as plaintiff concedes that its fourth claim—the sole remaining claim—should be dismissed.

**I.      Subject Matter Jurisdiction**

Defendants argue that Angels Alliance Group LLC lacks both Article III and prudential standing to bring this lawsuit. (Mem. [54] 11–13.) I agree.

A party may raise an objection to subject-matter jurisdiction at any time. *See Henderson v. Shinseki*, 131 S. Ct. 1197, 1202 (2011). "Standing is a threshold matter central to [] subject matter jurisdiction." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007). "Standing has constitutional and prudential dimensions." *Wedges/Ledges of Cal., Inc. v. City of Phoenix*, 24 F.3d 56, 61 (9th Cir. 1994).

**A.      *Standing Under Article III***

To establish Article III standing, a plaintiff must show that: "(1) he or she has suffered an injury in fact that is concrete and particularized, and actual or imminent; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury is likely to be redressed by a favorable court decision." *Salmon Spawning & Recovery Alliance v. Gutierrez*, 545 F.3d 1220, 1125 (9th Cir. 2008); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

Defendants argue that Angels Alliance Group LLC's alleged injury resulted from its own decision to purchase an encumbered property without ensuring that the original borrower avoided default, not from any conduct of defendants. Accordingly, there is no causal link between the alleged wrongful conduct and the alleged harm to Angels Alliance Group LLC. Any injury was self-inflicted. (Mem. [54] at 11–12.) In support, defendants primarily rely on *Big Blue Capital Partners, LLC v. ReconTrust Co. ("Big Blue I")*, 2012 WL 1605784 (D. Or. May 4, 2012), *Big Blue Capital Partners, LLC v. ReconTrust Co.* ("*Big Blue II*"), 2012 WL

1870752 (D. Or. May 21, 2012), *Big Blue Capital v. ReconTrust Co.* ("*Big Blue III*"), 2012 WL 2049455 (D. Or. June 4, 2012).

The *Big Blue* cases are persuasive. They and the present case involve similar facts and issues, some of the same defendants, and the same attorneys. In *Big Blue I, II*, and *III*, nonparties executed deeds conveying their interests in their respective properties to Big Blue Capital Partners, a limited liability company created under the laws of Ohio. *See Big Blue I*, 2012 WL 1605784 at *2; *Big Blue II*, 2012 WL 1870752 at *1; *Big Blue III*, 2012 WL 2049455 at *2. Subsequent to the transfer, Big Blue Capital Partners brought claims arising out of alleged failures to comply with the non-judicial foreclosure procedures outlined in the Oregon Trust Deed Act ("OTDA"). *See Big Blue I*, 2012 WL 1605784 at *2; *Big Blue II*, 2012 WL 1870752 at *2; *Big Blue III*, 2012 WL 2049455 at *2. The defendants contended that the plaintiff, Big Blue Capital Partners, lacked standing because its injury resulted from its own decision to purchase an encumbered property from a defaulting borrower.[2] *See Big Blue I*, 2012 WL 1605784 at *4; *Big Blue II*, 2012 WL 1870752 at *2. Like the present case, it was undisputed that the plaintiff had not been involved in the lending process and was not a party to the loan or foreclosure documents. *See Big Blue I*, 2012 WL 1605784 at *5; *Big Blue II*, 2012 WL 1870752 at *3. In *Big Blue I* and *II*, the court found that the "allegations in plaintiff's complaint all stem from defendants' response to the [nonparty borrowers'] inability to make the requisite payments under the Note." *Big Blue I*, 2012 WL 1605784 at *5; *Big Blue II*, 2012 WL 1870752 at *3. Accordingly, "plaintiff did not suffer an injury that [was] fairly traceable to the challenged

---

[2] Accordingly, the default was apparent in *Big Blue I, II,* and *III*. In this case, the default was a risk because Ms. Sprague transferred the Property to Angels Alliance Group LLC prior to defaulting on the loan. Of course, because Ms. Sprague was the borrower as well as the sole member of Angels Alliance Group LLC she was in an ideal position to assess that risk. Although the cases present this factual difference, the applicable theory is the same: the plaintiff obtained property without protecting itself from the borrower's default.

5 – OPINION AND ORDER

actions of defendants." *Big Blue I*, 2012 WL 1605784 at *5; *Big Blue II*, 2012 WL 1870752 at *3; *Big Blue III*, 2012 WL 2049455 at *2.

Angels Alliance Group LLC responds that "[d]efendants' reliance on the *Big Blue* line of cases is inapposite because those cases deal with a sale of real property by a borrower to a third party entity, not the case where a borrower places property within an entity for which it is the sole member." (Resp. [59] at 4.)

This argument is unavailing. Ms. Sprague may have been its sole member, but she and Angels Alliance Group LLC are not the same entity. An LLC is a separate entity from its members. *See In re Blixseth*, 484 B.R. 360, 368 (B.A.P. 9th Cir. 2012); *see also* Nev. Rev. Stat. § 86.371; Or. Rev. Stat. § 63.001(9), (17). As a separate legal entity, LLCs enjoy certain privileges, including the ability to own real property and sue or be sued in its own name. *See Benson Apartments LLC v. Douglas Cnty Assessor*, 2005 WL 1804412, *2 (Or. Tax. Mag. Div. July 27, 2005); *see also* Nev. Rev. Stat. § 86.281; Or. Rev. Stat. § 63.077(2).

Here, it is undisputed that Ms. Sprague was the borrower on the loan. She defaulted on the loan by failing to pay her mortgage. It is also undisputed that she conveyed the Property to Angels Alliance Group LLC without seeking lender approval, as required by the DOT. (Decl. Brown [55] Ex. 2 at 9–10.) There is no allegation that either she or Angels Alliance Group LLC is willing or able to cure the default. Defendants reacted to the default by initiating non-judicial foreclosure proceedings. Now, Angels Alliance Group LLC, a nonparty to the loan documents and the foreclosure proceedings, has brought this lawsuit. Any injury it suffered is not traceable to the defendants' actions. Rather, it is traceable to plaintiff's decision to acquire the Property without assuming the corresponding loan obligations or ensuring that the borrower satisfied her

obligations.  Consequently, Angels Alliance Group LLC lacks standing under Article III, this court lacks subject-matter jurisdiction, and this case is dismissed.

    **B.**  *Prudential Standing*

    Even if Angels Alliance Group LLC had Article III standing, it would not meet the requirements for prudential standing.  "The prudential limitations include a requirement that the plaintiff 'assert his own rights, rather than rely on the rights or interests of a third party' and 'allege an interest that is arguably within the zone of interests protected or regulated by the statute or constitutional guarantee in question.'" *Wedges/Ledges of Cal., Inc.*, 24 F.3d at 61 (quoting *Hong Kong Supermarket v. Kizer*, 830 F.2d 1078, 1082 (9th Cir. 1987)).

    Defendants argue that Angels Alliance Group LLC is not asserting its own rights, and I agree.  Angels Alliance Group LLC was not a party to the loan documents nor did it have any involvement in the origination of the loan. It alleges that "[a]t all material times hereto, the Property was purchased by Plaintiff's predecessor in interest (non-party Anayansi Sprague . . . )" and acknowledges that the "Note [] is solely between Sprague, Plaintiff's predecessor in interest, and Lender." (Compl. [1] ¶¶ 3–4.)  Angels Alliance Group LLC never assumed the loan obligations on behalf of Ms. Sprague.  (Brown Decl. [55] at 2 n.1.)  The foreclosure occurred after Ms. Sprague had conveyed the Property to Angels Alliance Group LLC, but the foreclosure involved only Ms. Sprague in her individual capacity.

    Angels Alliance Group LLC's only explanation is that Ms. Sprague placed the Property within the LLC and is its sole member.  Although this is factually accurate, it does not follow that Angels Alliance Group LLC is now asserting its own rights.  As I described earlier, an LLC is a separate entity from its member.  The rights Angels Alliance Group LLC attempts to assert are those of a third party, Ms. Sprague, and not its own rights.  This is precisely the type of

situation that implicates a prudential standing issue.  Because Angels Alliance Group LLC does not have prudential standing to bring the claims asserted in the complaint, its claims must be dismissed.

Prudential standing considerations also include determining whether the plaintiff alleges an interest that falls within the zone of interests created by the applicable statute.  Here, OTDA "represents a well-coordinated statutory scheme to protect [borrowers] from the unauthorized foreclosure and wrongful sale of property, while at the same time providing creditors with a quick and efficient remedy against a defaulting [borrower]."  *Staffordshire Invs, Inc. v. Cal-Western Reconveyance Corp.*, 209 Or. App. 528, 542, 149 P.3d 150, 157 (2006); *see also Big Blue I*, 2012 WL 1605784 at *7.  OTDA "confers upon a trustee the power to sell property securing an obligation under a trust deed in the event of default, without the necessity for judicial action. However, the trustee's power of sale is subject to strict statutory rules designed to protect the [borrower], including provisions relating to notice and reinstatement."  *Id.*  Here, the party seeking protection is not the borrower; it is a separate entity.  That much is clear.  Angels Alliance Group LLC's attempts to conflate itself with Ms. Sprague are futile.  Whatever interest[3] Angels Alliance Group LLC may have in the Property and in this case, it is not the type of interest that OTDA even arguably sought to protect.  Accordingly, because plaintiff's interests do not fall within the zone of interests protected by the OTDA, the case must be dismissed for this additional reason.

## II.     **Motion to Reconsider**

There are three primary grounds that justify granting a motion to reconsider: (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to

---

[3] Defendants assert that Ms. Sprague's conveyance of the property to Angels Alliance Group LLC was in violation of the DOT, an argument supported by the evidence and undisputed by plaintiff.

correct clear error or prevent manifest injustice. *See School Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Plaintiff asks me to reconsider the dismissal of its first, third, fifth, sixth, and seventh claims for relief in light of the ruling of the Oregon Court of Appeals in *Niday v. GMAC Mortg, LLC*, 251 Or. App. 278, 284 P.3d 1157 (2012).[4] Defendants oppose this motion. (Reply [60].) I do not reach the merits of this motion because, as explained above, I hold that plaintiff lacks standing. Therefore, I deny as moot the motion for reconsideration.

## III.   Plaintiff's Concession as to Claim Four

When a court holds that a plaintiff lacks standing, the case is dismissed without reaching the merits. That rule applies here, but it does not bar plaintiff from dismissing its own claims. I find that plaintiff has done so here.

Plaintiff's complaint includes seven claims for relief, including four wrongful foreclosure claims, one unlawful debt collection claim, and two remedial claims for injunctive and declaratory relief. In an earlier opinion, I dismissed with prejudice six of plaintiff's seven claims for relief, leaving only Claim Four, a wrongful foreclosure claim. After rejecting several of plaintiff's arguments to support that claim, I nevertheless denied defendants' motion to dismiss the claim with leave to renew at summary judgment because I found that defendants had not presented evidence attesting to the fact that Fannie Mae permitted BANA to conduct the foreclosure in this case.

Now, at summary judgment, defendants present the evidence that was not before me when I decided the motion to dismiss. Specifically, they provide evidence that the Mortgage Selling and Servicing Contract and the Fannie Mae Servicing Guide grant servicers, including

---

[4] After these motions were briefed, the Oregon Supreme Court affirmed the decision of the Oregon Court of Appeals. *See Niday v. GMAC Mortgage, LLC*, No. SC S060655, 2013 WL 2446524 (Or. June 6, 2013).

9 – OPINION AND ORDER

BANA, the authority to represent Fannie Mae's interests in foreclosure proceedings as holder of the mortgage note. (*See* Decl. of Evans [56] ¶¶ 1–3; Mortg Selling & Servicing Contract [56] Ex. 1; Fannie Mae Servicing Guide [56] Ex. 2.) Plaintiff did not present evidence or argument to refute defendants' motion; instead, plaintiff conceded that Claim Four should be dismissed. (Resp. [59] at 3.) Accordingly, I dismiss Claim Four for this alternative reason.

## CONCLUSION

I GRANT IN PART AND DENY IN PART AS MOOT defendants' motion [53] for summary judgment. To the extent that defendants move for summary judgment on the basis of plaintiff's lack of standing, I GRANT the motion. Because I hold that plaintiff lacks standing, I DENY AS MOOT the remainder of the motion. In addition, because I hold that plaintiff lacks standing, I DENY AS MOOT plaintiff's motion [59] to reconsider. Plaintiff's claims are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED this   11th   day of June, 2013.

/s/ Michael W. Mosman  
MICHAEL W. MOSMAN  
United States District Judge